Mark G. Worischeck/Bar No. 011147
Joel T. Fugate/Bar No. 031739
**SANDERS & PARKS, P.C.**
3030 North Third Street, Suite 1300
Phoenix, AZ 85012-3099
Firm E-mail: Minutes@SandersParks.com

Mark G. Worischeck
  Direct Phone: 602.532.5795
  Direct Fax: 602.230.5054
  E-Mail: Mark.Worischeck@sandersparks.com

Joel T. Fugate
  Direct Phone: 602.532.5613
  Direct Fax: 602.230-5013
  E-Mail: Joel.Fugate@sandersparks.com

*Attorneys for Defendant Compass Airlines, LLC*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MICHAEL E. MEMOS, a single man,<br><br>Plaintiff,<br><br>v.<br><br>DELTA AIR LINES, INC., a Delaware corporation; COMPASS AIRLINES, INC., a Delaware corporation doing business as Delta Connection; Does I - V,<br><br>Defendants. | Case No.: 2:17-cv-02056-MHB<br><br>**ANSWER OF DEFENDANT COMPASS AIRLINES, LLC** |

Defendant Compass Airlines, LLC ("Compass"), improperly named as Compass Airlines, Inc., by and through undersigned counsel, for its Answer to Plaintiff's Complaint, admits, denies, and affirmatively alleges as follows:

1. Compass lacks knowledge or information sufficient to admit or deny the allegations in paragraph 1 of the Complaint.

2. The allegations in paragraph 2 of the Complaint are not directed toward Compass, and therefore no response is required.

3. Answering paragraph 3 of the Complaint, Compass admits only that it is a Delaware

corporation doing business in Maricopa County, Arizona as Delta Connection. Compass denies all allegations regarding it causing an event to occur giving rise to the claims in the Complaint.

4. Answering paragraph 4 of the Complaint, Compass admits only that on May 16, 2015, flight DL5715 from Phoenix, Arizona to Los Angeles, California was operated by Compass.

5. The allegations in paragraph 5 of the Complaint are not directed toward Compass, but at unknown defendants, and therefore no response is required.

6. Answering paragraph 6 of the Complaint, Compass asserts jurisdiction and venue are proper in the United States District Court for the District of Arizona. Compass denies any implication that it caused any action, omission, or conduct giving rise to the allegations in the Complaint.

7. Compass denies the allegations in paragraphs 7-12 of the Complaint and affirmatively represents Compass complied with any and all duties required under the law.

**ADDITIONAL RESPONSES, ALLEGATIONS, AND AFFIRMATIVE DEFENSES**

8. Plaintiff's allegations not specifically herein admitted or qualified are denied.

9. Plaintiff failed to state a claim upon which relief can be granted.

10. The injuries or damages alleged in the Complaint may have been caused, or contributed to, by the fault of other parties or other non-party persons such that Compass may seek an allocation of fault against such individuals or entities.

11. The injuries or damages alleged in the Complaint were directly and proximately caused or contributed to by Plaintiff's comparative/contributory fault. The comparative/contributory fault should be imputed to Plaintiff and acts to reduce or bar his recovery.

12. Plaintiff's damages and injuries, if any, were caused or contributed to by the action or inaction of Plaintiff. Plaintiff's recovery in this action, if any, must be reduced accordingly.

13. Plaintiff may have failed to exercise reasonable care and that such action constitutes negligence and/or comparative/contributory fault and/or assumption of the risk, thereby reducing or barring any recovery.

14. The injuries or damages alleged in the Complaint were directly and proximately

caused or contributed to by risks that were well, truly, and actually known, and that were knowingly and voluntarily accepted and assumed. The assumption of risk should be imputed to Plaintiff to reduce or bar his recovery.

15. Compass was not on notice of any unsafe condition or unreasonably dangerous condition.

16. The condition complained of was not unreasonably dangerous.

17. The condition complained of was open and obvious.

18. Plaintiff may have failed to mitigate his damages with such failure reducing or barring any recovery.

19. Plaintiff's damages, if any, are too speculative to be compensable through this action.

20. Compass reserves the right to amend this Answer to assert any matter constituting an avoidance or affirmative defense, including, without limitation, those matters set forth in Fed. R. Civ. P. Rules 8(c) and 12(b) as may be justified by the facts determined during discovery.

WHEREFORE, having fully answered Plaintiff's Complaint, Compass asks that the Complaint be dismissed with prejudice, that judgment be entered in Compass's favor, that Compass be awarded its taxable costs as provided by law, and such other relief as the Court deems proper. Further, Compass demands a trial by jury on all issues with respect to the above-entitled matter.

RESPECTFULLY SUBMITTED this 5th day of July, 2017.

**SANDERS & PARKS, P.C.**

By   /s/ Mark G. Worischeck
Mark G. Worischeck
Joel T. Fugate
3030 North Third Street, Suite 1300
Phoenix, AZ  85012-3099
*Attorneys for Defendant Compass Airlines, LLC*

- 4 -

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 5, 2017, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing thereby transmitting a Notice of Electronic Filing to all CM/ECF registrants.

By /s/ Peggy Bailey