Mack T. Jones (006369)
Richard L. Barrett (005631)
**JONES | RACZKOWSKI PC**
2141 East Camelback Road, Suite 100
Phoenix, Arizona 85016-4723
(602) 840-8787 Fax (602) 840-0425
mjones@azpremiseslaw.com
rbarrett@azpremiseslaw.com

Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Michael E. Memos, a single man;<br><br>Plaintiff;<br>v.<br><br>Delta Air Lines, Inc., a Delaware corporation; Compass Airlines, Inc., a Delaware corporation doing business as Delta Connection; Does I - V;<br><br>Defendants. | NO. CV-17-02056-PHX-JJT<br><br>**JOINT PROPOSED CASE MANAGEMENT PLAN**<br><br>(Assigned to the Honorable John J Tuchi) |

The parties, by and through counsel undersigned, pursuant to Rules 16(b) and 26(f), Rules of Civil Procedure, and this Court's Order dated July 11, 2017 submit the following Joint Proposed Case Management Report:

**1.    The Nature of the Case:**

**Plaintiff:** This is a premises liability personal injury case. The claim of Plaintiff Memos arises out of an incident occurring on Wednesday, May 16, 2015. At approximately, 1:30 p.m., Plaintiff was boarding Delta Flight 5715 at Phoenix Sky Harbor Airport to Los Angeles, California, operated on behalf of Defendant Delta Air Lines, Inc. by Defendant Compass Airlines, LLC. As Plaintiff was approaching the airplane to board the flight he walked down the

1  carpeted jet way and proceeded to walk from the jet-way on to the plane,
2  where the jet-way flooring changed from carpet to a smooth surface,
3  Plaintiff's left foot slipped on unmarked water or other fluid on the jet-way
4  floor which Plaintiff did not see causing Plaintiff to lose balance and fall to
5  the floor sustaining injuries to his foot and ankle that required surgical repair.
6  Plaintiff Memos is 53 years of age with a life expectancy of an additional
7  26.7 years. Plaintiff claims he has suffered permanent injuries to his left foot
8  including loss of function and surgical scaring. Plaintiff claims to have
9  incurred medical expenses of in excess of $45,000.00 and continues to incur
10 medical expenses for treatment of the injuries suffered as a result of his fall,
11 and will incur future medical expenses for the treatment of his injuries.
12 Plaintiff, a senior hospital administration resources consultant, claims to have
13 suffered a wage loss of in excess of $100,000.00 and will suffer loss to his
14 future earning capacity as a result of his injuries.  Plaintiff also seeks general
15 damages in an amount that is reasonable and fair for the pain, suffering,
16 anxiety, and other general aspects of his injuries.

17 **Defendants Delta Air Lines, Inc. and Compass Airlines, LLC:** On May 16,
18 2015, Plaintiff claims to have fallen in the jetway while boarding Delta Flight
19 5715 at Sky Harbor International Airport. Plaintiff declined medical
20 assistance. Flight 5715 departed from Phoenix at 1:37 p.m. and arrived in
21 Los Angeles at 3:07 p.m. Plaintiff then took Delta Flight 4703, which
22 departed from Los Angeles at 4:55 p.m. and arrived in Sacramento at 6:26
23 p.m.

24 Defendants had no notice of any unreasonably dangerous condition and
25 did not breach any duty to Plaintiff. Plaintiff reported no injuries and declined
26 any assistance or medical attention. If Plaintiff sustained any injuries or
   damages, such injuries or damages were caused by Plaintiff's comparative

fault and/or other parties/non-parties to this action. Defendants did not cause or contribute to any of the injuries and damages alleged in the Complaint.

**2.     Elements for Each Count and Affirmative Defense:**

<u>**Plaintiff's Claim**</u>**:** Plaintiff's claim is based upon the legal theory of premises liability and negligence; specifically, creation of a dangerous condition, actual notice, and constructive notice. Plaintiff must prove: (1) Defendants were the possessors and/or in control of the premises; (2) Defendants had a duty to keep the premises reasonably safe from dangerous conditions as to invitees; (3) Plaintiff was an invitee or licensee; (4) Defendants created or knew or should have known of the dangerous condition; (5) Defendants failed to exercise reasonable care, acted unreasonably, and were negligent in not providing Plaintiff Memos with reasonably safe access to and from his airplane seat in the airplane; and (6) Plaintiff sustained damages. *See*, e.g., *Woodty v. Weston's Lamplighter Motels*, 171 Ariz. 265, 268, 830 P.2d 477, 480 (App. 1992); *Robertson v. Sixpence Inns of America*, 163 Ariz. 539, 544, 789 P.2d 1040, 1045 (1990); RAJI Premises Liability 1 and 1A.

<u>**Affirmative Defense – Assumption of Risk**</u>**:** The defense must prove (1) Plaintiff assumed a particular risk of injury, and (2) the particular risk was a cause of Plaintiff's injury. *See*, e.g., RAJI (Civil) Fault 10; *Hildebrand v. Minyard*, 16 Ariz. App. 583, 585, 494 P.2d 1328, 1330 (1982).

<u>**Affirmative Defense – Contributory Negligence**</u>**:** The defense must prove (1) Plaintiff was at fault, and (2) such fault should reduce Plaintiff's damages. *See*, e.g., RAJI (Civil) Fault 9; A.R.S. § 12-2506; *Heimke v. Munoz*, 106 Ariz. 26, 470 P.2d 107 (1970).

**3.     The Factual and Legal Issues in Dispute:**

There is a dispute as to:

(1) What party/non-party is responsible for the alleged fluid on the floor of the jet-way that Plaintiff alleges he slipped and fell on;

(2) Whether the fluid/condition on the floor was open and obvious;

(3) Whether the injuries Plaintiff alleges were caused by the fall;

(4) The nature, extent and duration of the injuries Plaintiff alleges he suffered from falling;

(5) The amount, reasonableness, necessity, and relatedness of the medical expenses Plaintiff alleges he incurred as a result of falling;

(6) Whether Plaintiff will continue to incur future medical expenses as a result of the fall;

(7) Whether there exists any wage loss or any future loss of earning capacity as a result of the alleged injuries suffered by Plaintiff.

**4. Jurisdictional Basis of the Case:** This Court has jurisdiction under 28 U.S.C. § 1332 (complete diversity jurisdiction). There are no disputes relating to jurisdiction or venue.

**5. Parties That Have Not Been Served:** None at this time. Plaintiff is in the process of amending his Complaint to assert a claim against Airport Terminal Services, Inc. Plaintiff anticipates being able to serve the new defendant within 60 days.

**6. Parties Not Subject to the Court's Jurisdiction:** None

**7. Dispositive or Partially Dispositive Issues to be Decided by Pretrial Motions:** Plaintiff believes the issue of agency/respondeat superior related to Airport Terminal Services, Inc. may be resolved by motion. Additional motions may be necessary after further discovery.

**8. Magistrate Judge or a Special Master:** No.

**9. Status of Related Cases:** Not applicable.

**10.  Mandatory Initial Discovery Responses:** The parties have exchanged their Mandatory Initial Discovery Responses. The parties are cooperating with regard to the Mandatory Initial Discovery Pilot Project, and there are no disputes at this time.

**11.  Proposed Deadlines:**

   a.  **Amended Pleadings and Joinder of Parties:** Plaintiff will file a stipulated motion to amend the Complaint to join Airport Terminal Services, Inc. as a Defendant;

   b.  **Patent Case:** Not applicable;

   c.  **Completion of All Fact Discovery:** July 6, 2018;

   d.  **Plaintiff's Experts:** August 10, 2018;

   e.  **Defendants' Experts:** October 5, 2018;

   f.  **Rebuttal Experts:** October 26, 2018;

   g.  **Final Supplemental Disclosures:** December 8, 2018;

   h.  **Closure of All Discovery:** January 4, 2019; and

   j.  **Dispositive Motions:** January 25, 2019.

**12.  Scope of Discovery:** The parties anticipate taking the deposition of the Plaintiff, employees of Defendants, expert witnesses, IME physicians, and Plaintiff's treating physicians. The parties also intend to have a site inspection of the location of the incident. The parties do not believe that discovery should be conducted in phases. The parties do not request any changes to the discovery limitations.

**13.  Estimated Length of Trial:** Five (5) days

**14.  Jury Trial Requested:** Yes

**15.  Settlement:** No settlement negotiations have taken place. The parties agree to participate in a private mediation before a mutually agreeable mediator.

**16.   Class Actions:** Not applicable.

**17.   Complex Track for Case Management:** No

**18.   Other Matters:** Plaintiff asks the Court to review and rule on the Plaintiff's stipulated motion to amend as quickly as possible.

DATED this 16th day of August, 2017.

| JONES│RACZKOWSKI PC | CAMPBELL, YOST, CLARE & NORELL, P.C. |
|---|---|
| s/ RICHARD L. BARRETT | s/ STEPHEN C. YOST with permission |
| Mack T. Jones<br>Richard L. Barrett<br>Attorneys for Plaintiff | Stephen C. Yost<br>Lauren E. Eiler<br>Attorneys for Defendant Delta Air Lines, Inc. |

**SANDERS & PARKS, P.C.**

**s/ JOEL FUGATE with permission**

Mark G. Worischeck
Joel Fugate
Attorneys for Defendant Compass Airlines, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on August 16, 2017, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of Rule 26(f) Joint Case Management Report to the following CM/ECF registrants:

Stephen C. Yost
Lauren E. Eiler
**CAMPBELL, YOST, CLARE & NORELL, P.C.**
3101 North Central Avenue, Suite 1200
Phoenix, Arizona 85012

Attorneys for Defendant Delta Air Lines, Inc.

Mark G. Worischeck
Joel Fugate
**SANDERS & PARK, P.C.**
3030 North Third Street, Suite 1300
Phoenix, Arizona 85012-3099
Attorneys for Defendant Compass Airlines, LLC

By:   /s/ **Aracely B. Phillips**