Mark G. Worischeck/Bar No. 011147
Joel T. Fugate/Bar No. 031739
**SANDERS & PARKS, P.C.**
3030 North Third Street, Suite 1300
Phoenix, AZ 85012-3099
Firm E-mail: Minutes@SandersParks.com

Mark G. Worischeck
  Direct Phone: 602.532.5795
  Direct Fax: 602.230.5054
  E-Mail: Mark.Worischeck@sandersparks.com

Joel T. Fugate
  Direct Phone: 602.532.5613
  Direct Fax: 602.230-5013
  E-Mail: Joel.Fugate@sandersparks.com

*Attorneys for Defendant Compass Airlines, LLC*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MICHAEL E. MEMOS, a single man, | Case No.: 2:17-cv-02056-MHB |
| Plaintiff, | |
| v. | **DEFENDANT COMPASS AIRLINES, LLC'S RESPONSE TO MANDATORY INITIAL DISCOVERY REQUESTS** |
| DELTA AIR LINES, INC., a Delaware corporation; COMPASS AIRLINES, INC., a Delaware corporation doing business as Delta Connection; Does I - V, | |
| Defendants. | |

Defendant Compass Airlines, LLC ("Compass"), improperly named as Compass Airlines, Inc., provides the following responses to the Mandatory Initial Discovery Requests pursuant to General Order 17-08 (D. Ariz. Apr. 14, 2017). Compass's responses are based upon information reasonably available to Compass and a good faith effort to identify information that may be relevant to the parties' claims and defenses. Compass reserves the right to supplement and amend these responses as discovery continues.

1. **State the names and, if known, the addresses and telephone numbers of all persons who you believe are likely to have discoverable information relevant to any party's claims or defenses, and provide a fair description of the nature of the information each such person is believed to possess.**

**Michael E. Memos**
c/o Jones Raczkowski, PC
2141 East Camelback Road, Suite 100
Phoenix, AZ 85016
602.842.6297

Michael E. Memos is the Plaintiff in this action. Mr. Memos is believed to possess information regarding details of the alleged accident, his personal knowledge of the allegations in the Complaint, his claimed damages, his medical history and treatment, his employment history, and any other matters relevant to this lawsuit.

**Richard W. Cherubini**
c/o Campbell, Yost, Clare & Norell, P.C.
3101 North Central Ave., Suite 1200
Phoenix, AZ 85012
602.322.1600

Richie Cherubini was the Delta Red Coat agent at the gate when the alleged accident occurred. Mr. Cherubini is believed to possess information regarding conversations with Mr. Memos shortly after his alleged accident, including Mr. Memos declining medical assistance.

**James Hunt**
c/o Campbell, Yost, Clare & Norell, P.C.
3101 North Central Ave., Suite 1200
Phoenix, AZ 85012
602.322.1600

Jim Hunt was the Delta Aircraft Load Agent at the gate when the alleged accident occurred. Mr. Hunt is believed to possess information regarding details of the alleged accident.

**Representatives of Delta Air Lines, Inc.**
c/o Campbell, Yost, Clare & Norell, P.C.
3101 North Central Ave., Suite 1200
Phoenix, AZ 85012
602.322.1600

Delta Air Lines, Inc. is a Defendant in this action. Representatives of Delta Air Lines, Inc. are believed to possess information regarding details of the alleged accident, Delta's business practices, including maintenance of equipment and facilities, agreements and/or contracts with other service providers, parties, and/or vendors, whether there was any condition, notice of any

condition, and other matters relevant to this lawsuit.

**Representatives of Compass Airlines, LLC**
c/o Sanders & Parks, P.C.
3030 North Third Street, Suite 1300
Phoenix, AZ 85012
602.532.5600

Compass Airlines, LLC is a Defendant in this action. Representatives of Compass Airlines, LLC are believed to possess information regarding details of the alleged accident, Compass Airlines, LLC's business practices, including maintenance of equipment and facilities, agreements and/or contracts with other service providers, parties, and/or vendors, whether there was any condition, notice of any condition, and other matters relevant to this lawsuit.

**Representatives of Airport Terminal Services, Inc.**
Contact information unknown

Airport Terminal Services, Inc. ("ATS") contracted with Delta Air Lines, Inc. to provide services relating to passenger transport between the aircraft and the airport terminal. Representatives of Airport Terminal Services, Inc. are believed to possess information regarding details of the alleged accident, Airport Terminal Services, Inc.'s business practices, including maintenance of equipment and facilities, agreements and/or contracts with other service providers, parties, and/or vendors, whether there was any condition, notice of any condition, and other matters relevant to this lawsuit.

**Plaintiff's Medical Providers**
Contact information unknown

Plaintiff's medical providers are believed to possess information regarding Plaintiff's alleged injuries, diagnosis, treatment, preexisting conditions, and any claimed residual effects.

**Witnesses prior to or after the alleged accident**
Contact information unknown

Additional witnesses immediately prior to, during, or after the alleged accident are believed to possess information regarding details of the alleged accident and other relevant circumstances involving the alleged accident.

2. **State the names and, if known, the addresses and telephone numbers of all persons who you believe have given written or recorded statements relevant to any party's claims or defenses. Unless you assert a privilege or work product protection against disclosure under applicable law, attach a copy of each such statement if it is in your possession, custody, or control. If not in your possession, custody, or control, state the name and, if known, the address and telephone number of each person who you believe has custody of a copy.**

**Richard W. Cherubini**
c/o Campbell, Yost, Clare & Norell, P.C.
3101 North Central Ave., Suite 1200
Phoenix, AZ 85012
602.322.1600

Richie Cherubini is believed to have authored a written incident report dated May 16, 2015. A copy of that incident report is attached as Exhibit 1.

3. **List the documents, electronically stored information ("ESI"), tangible things, land, or other property known by you to exist, whether or not in your possession, custody or control, that you believe may be relevant to any party's claims or defenses. To the extent the volume of any such materials makes listing them individually impracticable, you may group similar documents or ESI into categories and describe the specific categories with particularity. Include in your response the names and, if known, the addresses and telephone numbers of the custodians of the documents, ESI, or tangible things, land, or other property that are not in your possession, custody, or control. For documents and tangible things in your possession, custody, or control, you may produce them with your response, or make them available for inspection on the date of the response, instead of listing them.**

| Number | Description |
|--------|-------------|
| 1 | Incident Report dated May 16, 2015 |
| 2 | Passenger Name Record of Plaintiff Michael Memos |
| 3 | E-170 Delta Connection Agreement dated May 15, 2011 |
| 4 | First Amended and Restated E-175 Delta Connection Agreement dated June 3, 2011 |

Compass also incorporates by reference all documents listed by any other party in their responses to these mandatory initial discovery requests.

4. **For each of your claims or defenses, state the facts relevant to it and the legal theories upon which it is based.**

On May 16, 2015, Plaintiff claims to have fallen in the jetway while boarding Delta Flight 5715 at Sky Harbor International Airport. Plaintiff declined medical assistance. Flight 5715 departed from Phoenix at 1:37 p.m. and arrived in Los Angeles at 3:07 p.m. Plaintiff then took

Delta Flight 4703, which departed from Los Angles at 4:55 p.m. and arrived in Sacramento at 6:26 p.m.

Compass incorporates by reference every affirmative defense in its Answer.

Compass did not cause or contribute to any of the injuries and damages alleged in the Complaint. Compass had no notice of any unreasonably dangerous condition and did not breach any duty to Plaintiff. Plaintiff reported no injuries and declined any assistance from Compass. If Plaintiff sustained any injuries or damages, such injuries or damages were caused by Plaintiff's comparative fault or other parties and/or non-parties to this action.

Plaintiff's own action/inaction caused or contributed to any resultant injuries and/or damages due to Plaintiff's failure to exercise reasonable care while boarding Flight 5715. For example, the condition complained of was not unreasonably dangerous and was open and obvious due to its claimed location and appearance. Such an open and obvious condition may also indicate Plaintiff knowingly and voluntarily assumed the risk of any resultant harm. Furthermore, Plaintiff may have failed to mitigate his damages by, among other things, refusing medical treatment and other assistance, and if Plaintiff claims such treatment and/or assistance was necessary, then Plaintiff's own actions will reduce or bar any recovery. Therefore, Plaintiff's damages, if any, are too speculative and unrelated to be compensable through this action.

For all the reasons stated above, as well as in the Answer filed by Compass, Plaintiff has failed to state a claim upon which relief can be granted.

**5. Provide a computation of each category of damages claimed by you, and a description of the documents or other evidentiary material on which it is based, including materials bearing on the nature and extent of the injuries suffered. You may produce the documents or other evidentiary materials with your response instead of describing them.**

Compass is not claiming damages but may seek reimbursement of its attorneys' fees and costs in accordance with any applicable contract and/or pursuant to Arizona law.

///

6. Specifically identify and describe any insurance or other agreement under which an insurance business or other person or entity may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse a party for payments made by the party to satisfy the judgment. You may produce a copy of the agreement with your response instead of describing it.

Compass has insurance coverage provided by National Union Fire Insurance Company of Pittsburgh, PA, policy number AI 007740985-05, with primary comprehensive general liability bodily injury limits of $1,000,000 and $5,000 in medical payments coverage.

RESPECTFULLY SUBMITTED this 4th day of August, 2017.

**SANDERS & PARKS, P.C.**

By _/s/ Joel Fugate_
Mark G. Worischeck
Joel T. Fugate
3030 North Third Street, Suite 1300
Phoenix, AZ 85012-3099
*Attorneys for Defendant Compass Airlines, LLC*

COPIES of the foregoing emailed this 4th day of August, 2017 to:

Mack T. Jones
Richard L. Barrett
Jones | Raczkowski, PC
2141 East Camelback Road, Suite 100
Phoenix, AZ 85016
*Attorneys for Plaintiff Michael Memos*

Stephen C. Yost
Lauren E. Eiler
3101 North Central Ave., Suite 1200
Phoenix, AZ 85012
*Attorneys for Defendant Delta Air Lines, Inc.*

By _/s/ Peggy Daily_