Mack T. Jones (006369)
Richard L. Barrett (005631)
**JONES|RACZKOWSKI PC**
2141 East Camelback Road, Suite 100
Phoenix, Arizona 85016-4723
(602) 840-8787 Fax (602) 840-0425
mjones@azpremiseslaw.com
rbarrett@azpremiseslaw.com

Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Michael E. Memos, a single man;<br><br>     Plaintiff;<br>v.<br><br>Delta Air Lines, Inc., a Delaware corporation; Compass Airlines, LLC, a Delaware company doing business as Delta Connection; Airport Terminal Services, Inc. a Missouri corporation;<br><br>     Defendants. | NO. CV-17-02056-PHX-JJT<br><br>**MOTION TO FILE FIRST AMENDED COMPLAINT [AND PROPOSED ORDER]**<br><br>(Statute of limitations: May 16, 2017)<br><br>(Assigned to the Honorable John J Tuchi) |

Plaintiff Michael E. Memos, by and through undersigned counsel moves that Plaintiff be allowed to amend its complaint in this matter and file a First Amended Complaint in the form annexed hereto as Exhibit "A."  This Motion is supported by the attached Memorandum of Points and Authorities.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiff seeks leave to file a First Amended Complaint, pursuant to Rule 15(a), Federal Rules of Civil Procedure. The purpose of filing a First Amended Complaint is to add a party to this action. Plaintiff claims that on May 16, 2017 he slipped and fell and was injured as a result of an unreasonably dangerous condition, "specifically unmarked water or other fluid on the jet

way floor" possessed and/or operated by Defendants. On August 14, 2017, during a mandatory meet and confer ordered by the Court related to the Joint Proposed Case Management Plan, it came to the attention of Plaintiff's counsel that a non-party, Airport Terminal Services, Inc., provided ground handling services, including cleaning and other janitorial services for Defendant Delta Air Lines, Inc., including for the aircraft and jet-way involved in the incident that is the subject of this lawsuit, suggesting that based on an investigation conducted by Defendant Delta Air Lines, Inc., non-party Airport Terminal Services, Inc. created the condition on the jet-way which Plaintiff claims is unreasonably dangerous.

## I. ARGUMENT

Rule 15(a) specifically provides that "The court should freely give leave when justice so requires."  Amendments to pleadings should be allowed with great liberality so that causes of action may be determined on the merits rather than procedural technicalities. *Forman v. Davis,* 371 U.S. 178, 83 S. Ct. 227, 9 L.Ed. 2d 222 (1962). *See, e.g. C.F. Capistrano Unified School District,* 654 F. 3d 975,985 (9th Cir. 2011) (policy should be applied with "extreme liberality").

The party that is sought to be joined, Airport Terminal Services, Inc. is a Missouri corporation with its principal place of business in Missouri, as such, joinder would not destroy the diversity of parties in this case which was removed from Arizona State court.

Although the amendment to add Airport Terminal Services, Inc.is more than two (2) years after the incident which is the basis for Plaintiff's claim, Plaintiff's claim against Airport Terminals Services, Inc. is not time barred as the statute of limitations was subject to and was tolled during the period of

time Plaintiff did not know of nor could he have discovered the conduct of Airport Terminals Services, Inc.

It is hornbook law that limitations periods are subject to tolling." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95, 111 S.Ct. 453, 457, 112 L.Ed.2d 435 (1990). A defendant (and/or the real party in interest) may not use the statute of limitations as a shield for inequity, and courts recognize equitable exceptions to the application of the statute of limitations defense. *Holland v. Florida,* 560 U.S. 631, 130 S.Ct 2549, 177 L.Ed. 130 (2010); *Young v. United States*, 535 U.S. 43, 49, 122 S.Ct. 1036, 1040, 152 L.Ed.2d 79 (2002); *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95, 111 S.Ct. 453, 457, 112 L.Ed.2d 435 (1990).

The Court need only find those facts necessary to determine the appropriate application of tolling or estoppel in a case such as the present matter. See, e.g. *Ashcroft v. American Civil Liberties Union*, 542 U.S. 656, 664, 124 S.Ct. 2783, 159 L.Ed.2d 690 (2004); *Koon v. United States*, 518 U.S. 81, 100, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996); *Miles v. Prunty*, 187 F.3d 1104, 1105 (9th Cir.1999).

In this matter, Plaintiff was unable to and did not discover the conduct of Airport Terminals Services, Inc. until their conduct was mentioned in connection with a discussion of the parties' discovery responses in this matter. The court can determine that an amendment after a statute of limitations has run is not futile as the statute of limitations is subject to tolling.

For the foregoing reasons, the Plaintiff respectfully request this Court to grant leave to file a First Amended Complaint in the form annexed hereto as Exhibit "A" showing by (**supplemental information in bold;** ~~deleted information shown by strikeouts~~) the changes from the original Complaint.

DATED this 7th day of September, 2017.

**JONES│RACZKOWSKI PC**

**/s/ Richard L. Barrett**

By Mack T. Jones
Richard L. Barrett
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I certify that on September 7th, 2017, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF systems for filing and transmittal of a Notice of Electronic Filling to the following CM/ECF registrants:

Stephen C. Yost
Lauren E. Eiler
**CAMPBELL, YOST, CLARE & NORELL, P.C.**
3101 North Central Avenue, Suite 1200
Phoenix, Arizona 85012
syost@cycn-phx.com
leller@cycn-phx.com
lsainz@cycn-phx.com
cbenear@cycn-phx.com
syetter@cycn-phx.com
Attorneys for Defendant Delta Air Lines, Inc.

Mark G. Worischeck
Joel Fugate
**SANDERS & PARKS, P.C.**
3030 North Third Street, Suite 1300
Phoenix, Arizona 85012-3099
mark.worischeck@sandersparks.com
joel.fugate@sandersparks.com
peggy.bailey@sandersparks.com
shannon.berry@sandersparks.com
Attorneys for Defendant Compass Airlines, LLC

By:   /s/ **Aracely Phillips**