**GUST ROSENFELD P.L.C.**
One East Washington Street, Suite 1600
Phoenix, Arizona  85004-2553
Telephone:  (602) 257-7422
Facsimile:  (602) 254-4878
James H. Marburger – #010359
jmarburger@gustlaw.com

**Attorneys for Defendant Airport Terminal Services, Inc.**

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Michael E. Memos, | No.  2:17-cv-02056-PHX-JJT |
| Plaintiff, | **ANSWER OF DEFENDANT AIRPORT TERMINAL SERVICES, INC.** |
| v. | |
| Delta Air Lines, Inc., a Delaware corporation; Compass Airlines, LLC, a Delaware company doing business as Delta Connection; Airport Terminal Services, Inc., a Missouri corporation; | |
| Defendants. | |

Defendant Airport Terminal Services, Inc. ("ATS") answers Plaintiff's First Amended Complaint as follows:

1. Admits that ATS is a Missouri corporation that provides certain services to Defendants Delta Air Lines, Inc. ("Delta") and Compass Airlines, LLC ("Compass") at Phoenix Sky Harbor International Airport in Maricopa County, Arizona, but denies that ATS caused an event to occur out of which Plaintiff's action arises.

2. Is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the precise identities, residences, domiciles, and status of Plaintiff, Delta, and Compass, and therefore denies those allegations.

1    3.    Admits that this Court has personal jurisdiction over ATS and subject matter jurisdiction over this action, and that venue is appropriate.

4.    Admits that ATS provided aircraft cleaning and janitorial services to Delta and Compass on or about May 16, 2015, but denies that ATS was a possessor, operator, or owner of any airline jet ways for Delta or Compass as alleged.

5.    Is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's alleged fall while boarding flight DL5715 on May 16, 2015, or the alleged dangerous condition or alleged water or other fluid on the jet way floor at the time of Plaintiff's alleged fall, and therefore denies those allegations, and further denies that ATS had actual or constructive knowledge of any such conditions at or before the time of Plaintiff's fall as alleged.

6.    Denies that ATS was negligent as alleged, and further denies that ATS caused or contributed to Plaintiff's alleged fall.

7.    Is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the injuries and damages allegedly suffered by Plaintiff, and therefore denies those allegations, and further denies that ATS caused or contributed to any such injuries or damages.

8.    Alleges that Plaintiff's alleged injuries and damages were solely and proximately caused or contributed to by Plaintiff's own negligence and/or that Plaintiff assumed the risk of any such injuries and damages.

9.    Alleges that the alleged dangerous condition and alleged water or other fluid on the jet way floor were open and obvious conditions, thus barring any recovery from ATS.

10.   Alleges that Plaintiff's alleged injuries and damages may have been caused by the fault of others for whom ATS is not responsible.

1  11. Alleges that Plaintiff's claims against ATS are barred by the statute of limitations.

2  12. Alleges that Plaintiff's alleged injuries and damages were the result of an intervening, superseding cause, thus relieving ATS of any liability to Plaintiff.

3  13. Alleges that Plaintiff failed to mitigate his alleged damages.

4  14. Alleges that Plaintiff's First Amended Complaint fails to state a claim upon which relief can be granted against ATS.

5  15. Denies each material allegation of Plaintiff's First Amended Complaint not expressly admitted herein.

6  16. ATS hereby demands a trial by jury.

7  17. Alleges that facts may be discovered in the future which support additional affirmative defenses, and ATS therefore reserves the right to amend this answer to assert any such additional defenses.

WHEREFORE, having fully defended, ATS respectfully requests that Plaintiff's First Amended Complaint be dismissed as to ATS, and that ATS be awarded its taxable costs, attorneys' fees, and such other and further relief as may be proper.

DATED this 22nd day of November, 2017.

GUST ROSENFELD P.L.C.

By *s/ James H. Marburger*
   James H. Marburger
   Attorneys for Defendant Airport
   Terminal Services, Inc.

JHM:jhm  3122653.1  11/22/20177

**CERTIFICATE OF SERVICE**

I hereby certify that on November 22, 2017, I electronically transmitted the attached document to the Clerk's Office using CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Mack T. Jones, Esq.
Richard L. Barrett, Esq.
Jones Raczkowski PC
2141 East Camelback Road, Suite 100
Phoenix, AZ  85016
*Attorneys for Plaintiff*

Stephen C. Yost, Esq.
Lauren E. Eiler, Esq.
Campbell, Yost, Clare & Norell, P.C.
3101 N. Central Avenue, Suite 1200
Phoenix, AZ  85012
*Attorneys for Defendant Delta Air Lines, Inc.*

Mark G. Worischeck, Esq.
Joel Fugate, Esq.
Sanders & Park, P.C.
3030 N. Third Street, Suite 1300
Phoenix, AZ  85012
*Attorneys for Defendant Compass Airlines, LLC*

By: *s/ Terri Oliver*

JHM:jhm  3122653.1  11/22/20177